UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN E. ROUSSEAU, | Civil File No. 07-4750 (DSD/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner has been civilly committed under the laws of the State of Minnesota. He is presently confined by the State of Minnesota at the St. Peter Regional Treatment Center in St. Peter, Minnesota.

The current petition provides very little background information about the reasons for Petitioner's civil commitment, or the state court proceedings that led to his commitment. The petition indicates that Petitioner is committed for an "indefinite" term, and that, at some

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

time in the past, he pleaded "not guilty mental illness" to a state criminal charge of second degree murder. (Petition, p. 1, ¶s 3-5.) It appears that Petitioner's civil commitment was ordered, (or perhaps upheld or reaffirmed), by the "State of MN. Supreme Court Appeal Panel" on September 18, 2006. (Id., p. 2, ¶ 9(e).) The current petition also indicates that Petitioner's commitment was approved, at some time in the past, by a "Special Review Board" in a "State Human Services Proceeding." (Id., ¶s 10, 11.) Petitioner has provided no other information about the background of this case.

Petitioner's grounds for bringing the present habeas corpus petition, repeated verbatim and in their entirety, are as follows:

> "Not mentally ill, no need for confinement original mental illness temporary drug induce psychosis caused by drug crack abuse 1991."

(Id., p. 4, ¶ 12.A.)

There are two documents attached to the petition – (1) a three-page report entitled "Mental Status Examination," dated May 20, 2006, which purportedly was prepared by John M. Taborn, Ph.D., and (2) a three-page letter dated November 16, 2004, purportedly written by Joyce Taborn Jackson, Ph. D. Both of these documents generally indicate that Petitioner has a history of mental illness, but has made progress toward recovery. However, neither of these documents sheds any light on the procedural history of Petitioner's civil commitment, or the legal basis for his present habeas corpus petition.

For the reasons discussed below, the Court finds that Petitioner's current claim for habeas corpus relief, (quoted in full above), cannot be entertained in this proceeding. The Court will therefore recommend that this action be summarily dismissed.

**II. DISCUSSION**

A federal district court may entertain a habeas corpus petition filed by a state detainee "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus relief is available only for violations of rights protected by the federal Constitution. Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

Petitioner's current petition makes no reference to the federal Constitution or any constitutional right or principle. Instead, it appears that Petitioner is simply claiming that he no longer meets the statutory requirements for civil commitment under Minnesota law.

The United States Supreme Court has repeatedly held, however, that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991).

Again, the present Petitioner has not identified any constitutional basis for the claim set forth in his petition. The United States Constitution is never specifically mentioned, or even alluded to, anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Because no federal constitutional dimension can be found in Petitioner's current claim for relief, his habeas petition cannot be entertained in federal court. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Finally, the Court notes that Petitioner has filed an application to proceed in forma

pauperis, ("IFP"). (Docket No. 2.) However, he has already paid the full $5.00 filing fee for this case, and he has not shown that he applied for IFP status for any reason other than to be excused from paying that fee. The Court will therefore recommend that Petitioner's IFP application be denied as moot.

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED** as moot;

2.  This action be **SUMMARILY DISMISSED**.

Dated:   December 11, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 2, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.