UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4750(DSD/JSM)

Steven E. Rousseau,

       Petitioner,

v.                                      **ORDER**

State of Minnesota,

       Respondent.


This matter is before the court upon petitioner Steven E. Rousseau's objections to the report and recommendation of Magistrate Judge Janie S. Mayeron dated December 11, 2007. In her report, the magistrate judge concluded that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be summarily dismissed.

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). Petitioner objects that the magistrate judge mischaracterized the mental status assessments submitted with his § 2254 application. Because the magistrate judge did not base her recommendation on the substance of the assessments, the court need not determine how accurately she summarized the psychologists' findings. Accordingly, the court declines to address the merits of petitioner's objection.

Petitioner also objects to the magistrate judge's conclusion that he offered no constitutional basis for his § 2254 claim.

Petitioner argues, for the first time, that he has suffered cruel and unusual punishment due to involuntary confinement in violation of the Eighth Amendment.  A state may be found to have inflicted cruel and unusual punishment on a prisoner when it has failed to provide him needed medical treatment.  See Bailey v. Gardebring, 940 F.2d 1150, 1155 (8th Cir. 1991).  Such a failure would constitute "deliberate indifference to serious medical needs" of a prisoner and would violate the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Here, petitioner has not alleged any failure of treatment.  Rather, plaintiff challenges his civil commitment and his diagnosis itself.  As it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," petitioner's challenges fall outside the scope of a § 2254 petition.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991).  Therefore, the magistrate judge correctly concluded that petitioner has failed to assert an identifiable constitutional basis for the claim set forth in his petition.

For these reasons, the court adopts the report and recommendation of the magistrate judge [Doc. No. 3] in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is summarily dismissed.

2. Petitioner's application to proceed in forma pauperis [Doc. No. 2] is denied as moot.

Dated: January 2, 2008

                                               <u>s/David S. Doty</u>
                                               David S. Doty, Judge
                                               United States District Court